**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ELIZABETH LAREAU, | ) | Civil Action No.: 2:16-cv-1214 |
| | ) | |
| Plaintiff, | ) | Division: |
| | ) | |
| v. | ) | Section: |
| | ) | |
| I.C. SYSTEMS, INC., | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

## PLAINTIFF'S COMPLAINT

Plaintiff, ELIZABETH LAREAU ("Plaintiff"), through her attorney, VARADI, HAIR &

CHECKI, LLC, alleges the following against Defendant, I.C. SYSTEMS, INC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692,

   et seq.  ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k,

   and 15 U.S.C. 1693(m).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such

   actions may be brought and heard before "any appropriate United States district court

   without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court

   supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or

   transacts business within this District, and a material portion of the events at issue

   occurred in this District.

## PARTIES

5.  Plaintiff is a natural person residing in Covington, St. Tammany Parish, Louisiana.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9.  Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in St. Paul, Ramsey County, Minnesota.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. In or around May, 2015, Defendant began calling Plaintiff on Plaintiff's cellular telephone at XXX-XXX-6922.

20. Defendant calls Plaintiff from 703-656-9860, which is one of Defendant's telephone numbers.

21. In or around June, 2015, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

22. During the aforementioned conversation, Plaintiff told Defendant's collector to stop calling her.

23. On several occasions since the aforementioned conversation, Plaintiff has spoken with Defendant's collectors and told them to stop calling her.

24. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff's cellular telephone.

25. During the aforementioned conversations, Defendant's collectors did not state that they were calling from I.C Systems, Inc.

26. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

27. Defendant's collectors are familiar with the FDCPA.

28. Defendant's collectors know the FDCPA requires debt collectors to identify the company's name when communicating with Plaintiff.

29. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff disputed the allege debt and requested Defendant stop calling her;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her; and

   c. Defendant violated §1692d(6) of the FDCPA by calling Plaintiff and not providing meaningful disclosure of Defendant's identity when Defendant's collection agent did not state they were calling from I.C. Systems, Inc.

WHEREFORE, Plaintiff, ELIZABETH LAREAU, respectfully requests judgment be entered against Defendant, I.C. SYSTEMS, INC.., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

4

34. Any other relief that this Honorable Court deems appropriate.


DATED:  February 11, 2016                    RESPECTFULLY SUBMITTED,


                                             */s/ Samuel J. Ford*
                                             Samuel J. Ford, Esq. (#36081)
                                             Varadi, Hair & Checki, LLC
                                             650 Poydras St., Ste. 1550
                                             New Orleans, LA 70130
                                             ford@vhclaw.com
                                             Phone: (504) 684-5200
                                             Fax: (504) 613-6351
                                             Attorney for Plaintiff